O’NIELL, C. J.
 

 This is an action for damages for the destruction of an automobile belonging to the plaintiff, in a collision with a truck or trailer belonging to the defendant. The district court rejected the plaintiff’s demand, and the Court of Appeal (124 So. 559) affirmed the judgment.
 

 The accident occurred at night, about nine o’clock, on the Shreveport-Minden highway, about five miles east from Shreveport. The automobile was going eastward, driven by an employee of the plaintiff, in. company with
 
 *530
 
 another man. The truck, with a trailer attached, and headed eastward, was stopped on the right side of the road, and had been stopped for about ten minutes, because of engine trouble. The truck was driven by an employee of the defendant, in company with another employee of the defendant, and the two men were on the ground, trying to remedy the engine trouble, at the time of the accident. An automobile, traveling westward, with bright headlights shining, and blinding the driver of plaintiff’s automobile, was approaching at the time of the accident. The west-bound automobile had arrived at a point only about twenty feet eastward from the truck at the time of the accident, and plaintiff’s automobile was traveling at a speed of about thirty miles an hour. The road was straight for a distance of half a mile eastward from the accident, and the headlights of the westbound ear were observed by the driver of plaintiff’s car at that distance.
 

 The charge of negligence made by the plaintiff is that there was no tail-light on the truck or trailer. According to section 5 of Act 232 of 1926, p. 390, it is a misdemeanor to leave a truck standing on the roadside without a tail-light or parking light burning. The testimony on the subject, as to whether the taillight on, the trailer was burning at the moment of the collision, is conflicting. The trailer was equipped with a red tail-light, but two disinterested witnesses testified that, immediately after the accident, they observed that the equipment was disconnected from the truck. It is not improbable that the wire became disconnected by the effect of the. collision. The two men in charge of the truck testified that the tail-light on the trailer was burning previous to the accident. The two men in plaintiff’s automobile testified that the tail-light on the trailer was not burning, and that they would have seen it, notwithstanding the blinding effect of the headlights on the other automobile, if the tail-light on the trailer had been burning. We do not know whether the district judge found, as a fact, that the tail-light on the trailer was burning, or found that it was not burning. The Court of Appeal found merely that the evidence on that subject was conflicting, and held that, if there was no tail-light on the trailer, it was a matter of no importance, because the proximate cause of the accident was the failure of the driver of plaintiff’s ear to reduce his( speed so as to be ready to stop instantly when he became blinded by the headlights of the automobile approaching from the opposite direction. If we should reverse the ruling of the Court of Appeal, that the driver of the plaintiff’s automobile was guilty of negligence in failing to reduce his speed when he became blinded by the headlights of the approaching car, the case would then depend upon the question of fact, which the Court of Appeal deemed it unnecessary to decide, whether the tail-light on the trailer was burning at the time of the collision.
 

 We are not prepared to say that the Court of Appeal erred in its ruling that the proximate cause of the accident was the failure of the driver of the plaintiff’s ear to reduce his speed, and to have the car under such control as to be ready to stop instantly, when he became blinded by the headlights of the approaching car. The doctrine is stated in 42 C. J. 929, § 640, thus:
 

 “A speed which might be reasonable and proper under ordinary circumstances may be excessive and improper where the driver’s view of the highway is in any way interfered with, as where he is confused or partly blinded by the headlights of an approaching •vehicle, or is driving through fog, smoke, or dust, or his windshield is covered with sleet and snow, or rain.”
 

 
 *532
 
 In Castille v. Richard, 157 La. 274, 102 So. 398, 399, 37 A. L. R. 586, where two automobiles met and collided on a road only eighteen or twenty feet wide, and in a cloud of dust sent up by the passing of another automobile, this court went so far as to hold that it was “inexcusable negligence” on the part of the drivers of the colliding automobiles “not to have- come to a full stop until the dust had subsided.” If the road had been wider, perhaps we would have deemed it sufficiently prudent for the drivers to slow down so that they could stop in a moment’s warning. Whether it should be deemed negligence for the driver of an automobile to fail to slow down, in a case like this, depends so much upon the circumstances of the particular case that it is not easy nor safe to lay down a hard and fast rule on the subject. As a general rule, however, the driver of an automobile, going thirty miles an hour on a country road, at night, is guilty .of negligence if he fails to slow down to a speed at which he can stop instantly when he becomes blinded by the headlights of an approaching automobile. We must bear in mind that pedestrians have the right, with the duty to use proper care for their safety, to travel on the public roads.
 

 The judgment is affirmed.
 

 OVERTON and LAND, JJ., dissent.