The plaintiff's suit was dismissed on an exception of no right or cause of action and he has taken this appeal.
The case involves an automobile collision which is alleged to have occurred in the City of Lake Charles on March 6, 1946 at about 12:30 a.m. In his petition plaintiff avers that he was driving his automobile south on Kirkman Street in the City of Lake Charles on that morning; that he crossed Pine Street going in the direction of Mill Street at a very slow rate of speed. In fact he alleges that he was shifting gear from second to high when he crashed suddenly into an automobile belonging to the defendant which was parked about eight feet from the curb, almost in the center of Kirkman Street, with no lights burning and no one in the car. He avers further that "the collision above alleged was unavoidable by him for the reason that he had just left Pine Street when another automobile entered Kirkman Street from Mill Street with its lights burning brightly, which lights shined in petitioner's face temporarily blinding him from seeing the Burgess car."
The exception of no right or cause of action was based on the proposition which invariably is presented in cases of this kind as to whether the driver of an automobile at night should have his car under such control as to be able to stop it within the distance projected by his headlights in front of him. It is urged, as is usually done in such cases, that that constitutes contributory negligence and in this case it is further urged that as such negligence appears from the allegations of plaintiff's petition, he has not disclosed a right or a cause of action.
[1] The rule just stated no doubt prevails in this State according to numerous decisions on the subject but beginning with the very first case in which it was announced, the courts have invariably stated that no hard and fast rule can be laid down on the subject and that the surrounding circumstances and facts of each particular case must be considered in order to determine the question of contributory negligence. In other words, in this State, a person who does not have his car under such control is not guilty of contributory negligence as a matter of law but can only be found negligent upon a trial of the case on the merits. That is especially so in cases where he alleges, as did the plaintiff in this case, that on approaching an object parked on the highway without lights or other warning devices, before running into it, he had become blinded by the glaring headlights of an automobile approaching from the opposite direction or by some atmospheric conditions which appeared unexpectedly and temporarily impeded his view of the roadway ahead.
The Supreme Court, years ago, in the case of Woodley 
Collins v. Schusters' Wholesale Produce Co., 170 La. 527,128 So. 469, 470, in commenting on the question presented made this statement: "Whether it should be deemed negligence for the driver of an automobile to fail to slow down, in a case like this, depends so much upon the circumstances *Page 452 
of the particular case that it is not easy nor safe to lay down a hard and fast rule on the subject." In Broussard v. Krause 
Managan, Inc., et al., La. App., 186 So. 384, 386, this court had the same proposition as we have in this case, before it. In that case however the lower court had overruled the exception of no cause of action and heard the case on the merits. We were asked to review the ruling of the trial court on the exception of no cause or right of action and after discussing the Woodley Collins case and other cases decided by the Supreme Court, we sustained the ruling of the trial court in overruling the exception. We did state that whilst it was true that in some cases such exceptions had been sustained, it was because the allegations of the petition "affirmatively showed that the plaintiff's own negligence was the proximate cause of the accident." We cited as a typical case on that point that of Inman v. Silver Fleet of Memphis, La. App., 175 So. 436, in which no doubt under the facts alleged, plaintiff could not possibly have recovered judgment.
Lately the case of Gaiennie v. Co-operative Produce Co., Inc., 196 La. 417, 199 So. 377, has had a rather important bearing on this question. In view of the fact that the Supreme Court again expressed its adherence to the rule that cases of this kind have to be governed and decided by the facts which are presented in each, and that it held that under the facts in that case the plaintiff was not guilty of contributory negligence, we believe that it presents sufficient authority for overruling the exception in this case.
The trial judge is said to have sustained the exception on the authority of a number of cases which are cited in brief of counsel for the defendant but in all of them we find that the decision was on the merits after trial had been had.
[2] In view of the allegations made in this case we conclude that plaintiff also is entitled to a trial on the merits and therefore the judgment appealed from will have to be reversed and the case remanded to the lower court.
It is now ordered that the judgment appealed from be and the same is hereby reversed and set aside; the exception of no cause or right of action is overruled and the case is now remanded to the district court for trial on the merits.