GLADNEY, Judge.
This action ex delicto was brought by the parents of twenty-two year old Pleas Watkins who was killed May 14, 1955, when struck by a truck owned by the Strickland Transportation Company, and driven by Edward J. Haas. The accident occurred on U. S. Highway 80 near the western limits of Greenwood, Caddo Parish, Louisiana, at about 1:00 o’clock a. m. Transport Insurance Company, the public liability insurer of the Strickland Transportation Company, and its insured are made party defendants. After trial, judgment was rendered rejecting the demands of plaintiffs, hence this appeal.
Plaintiffs allege the driver of the truck was negligent in not maintaining a proper lookout, in not keeping the truck under control at all times, and in not giving warning of his approach. The last clear chance doctrine is invoked on the ground that had Haas taken proper precautions he oould have seen Watkins drunk and helpless in the truck’s path of travel in ample time to avoid the fatal accident.
Defendants answer by averring Haas was free from fault and charge negligence on the part of Pleas Watkins in placing himself on a heavily traveled highway at night and in failing to care for the safety of his own life. In the alternative, contributory negligence is pleaded on these grounds.
Haas was the only eye witness. He testified he was driving new equipment with a load of from 15,000 to 25,000 pounds, proceeding easterly and approaching the crest of a hill at a speed of thirty miles per hour; that he was meeting two automobiles which appeared to be racing each other; that the headlights of the two cars were on high beam, or bright, and he called for dimming by blinking his lights but the drivers of the automobiles failed to dim their lights; and that he slowed his truck and dimmed his lights before passing the two vehicles. He testified that though he was not completely blinded' he could not see the deceased until about six feet in front of him, whereupon he instantly applied his brakes and stopped the truck within forty-five feet.
The two ladies testified that just prior to the accident they were returning home in their automobile from a Canasta game and barely missed striking the deceased who was standing upon the highway. At the time no other vehicles were approaching and consequently their eyes were not affected by bright lights. Watkins was a Negro whose presence was not readily discernible on the highway where the only light came from passing automobiles. The two ladies and Edward J. Haas stated that when seen Pleas Watkins was standing on the paved highway partially disrobed. A subsequent blood test by the Coroner’s office disclosed that the alcohol content of decedent’s blood was .16, thus indicating that the deceased was under the *563 influence of alcohol at the time of hi's death.
In brief and oral argument appellants strongly rely on the holding in Jackson v. Cook, 1938, 189 La. 860, 181 So. 195, 198, and invite our attention to the following quotation from that decision:
“In • the present case the plaintiff was guilty of gross negligence which continued up to the moment of the accident. The driver of, the car. did not see, but could have seen, plaintiff in his peril if he had been looking ahead. The mere fact that the driver of the car in this case did not see plaintiff does not absolve the defendant from liability, because it was the duty of the driver to look, and, according to the findings of both courts, he was not looking. The Rottman Case is not authority for holding that, merely because the driver of the car in this case did not actually see the plaintiff, the defendant is not liable.”
 The difference between the facts in the instant case and those in the cited case is obvious. In Jackson v. Cook it was established as a fact that the driver of the offending vehicle ivas not looking and' that if he had been looking ahead he would have seen the plaintiff in his peril. Haas gives undisputed testimony that he was looking but was unable to see Pleas Watkins until the latter was within six feet of his vehicle. The facta as established herein, therefore, make unnecessary a consideration of the application of the last clear chance doctrine as pleaded by plaintiffs, for the reason that despite due observance on the part of Haas, he did not see Pleas Watkins in front of him until it was too late to avoid striking him.
The question of importance here, so it seems to us, is whether Haas was guilty of primary negligence and a proximate cause of the death.
As indicative of liability predicated on the aforesaid facts, appellants invoke the'"tange, of vision .rule, which requires motorists to operate their vehicles so as to be able to stop within the assured clear distance ahead. When blinded by lights a motorist must either stop or proceed at such a rate of speed and with such control of his vehicle as to be able to stop in time to avoid striking any discernible object in the road ahead. See Louisiana authorities cited in 22 A.L.R.2d at page 30. Statutory support for this rule may be found in LSA-R.S. 32:290, 32:301 and 32:304. These sections of the Motor Vehicle Act prescribe headlights must be so constructed • and adjusted that under normal atmospheric conditions and on a level road, an object will be clearly discernible two hundred feet ahead, and when dimmed, the lights shall render clearly discernible a person seventy-five feet ahead.
It is axiomatic that when a motorist is confronted with any obstruction to his view, he is required to exercise more than ordinary care. Briefly stated, this simply means: “ ‘The greater the danger, the greater the necessity for caution’ National Retailers Mutual Insurance Company v. Harkness, 1954, La.App., 76 So.2d 95-98; Wilson v. Yellow Cab Co. of Shreveport, Inc., 1953, La.App., 64 So.2d 463, 466; Spencer v. Crain, 1951, La.App., 53 So.2d 416; Culpepper v. Leonard Truck Lines, Inc., 1945, 208 La. 1084, 24 So.2d 148; Blashfield Cyclopedia of Automobile Law and Practice, Section 1041, page 369, Volume 2; 5 American Jurisprudence 652, Section 269.
A number of Louisiana cases hold that a motorist blinded by lights must in order to escape the charge of negligence, either stop instantly or so control his car as to avoid striking any discernible object in his path of travel. Other decisions have established exceptions and qualifications. The prevailing view undoubtedly is that in each case the existence of negligence vel non is a question to be determined in the light of all the surrounding circumstances. Thus in Gaiennie v. Cooperative Produce Co. *564 Inc., 1940, 196 La. 417, 199 So. 377, 379, the Supreme Court referring to its decision in Woodley & Collins v. Schusters’ Wholesale Produce Co., Inc., 1930, 170 La. 527, 128 So. 469, observed that whether or not the driver of an automobile should be deemed negligent for failing to slow down, depended on the circumstances of the particular case and that it was not' easy, nor safe to lay down a hard and fast rule on the subject, saying:
“The difficulty in laying down a hard and fast rule is that the act provides that the conditions and circumstances must be considered 'as well as the traffic, surface and width of the highway, and the location of the neighborhood. Such being the case, the particular facts of each case must be considered in arriving at a conclusion, and it would not be- safe to lay down a hard and fast rule for that reason.”
The soundness of the doctrine so announced becomes apparent when we consider cases involving instances where a driver is suddenly blinded by lights. Liability may well be predicated on the failure of the motorist to bring his - vehiclé under control where the brights lights appeared at a sufficient distance away and in such a manner as to enable full control prior to an emergency. Such' an opportunity for control could not be said to exist when the oncoming car suddenly rounded a’curve, came over the crest of a hill, from a side road, or' where the brights lights were suddenly flared into the face-of'the motorist.
 The gist of appellants’ argument is that a motorist has no right to a.ssumé the highway" ahead is free of obstruction, and if Haas had brought his truck tinder complete control when he' first observed 'the bright lights of the]approaching vehicles, he would have sooner passed the bright lights and avoided the accident. This line of reasoning imposes too high a standard of care upon a motorist. It is commonly known- that at night headlights will not reveal objects o.n the highway beyond the locus of a vehicle which also has bright lights. For this" reason when it is apparent to a motorist the light's of an oncoming vehicle will not be dimmed, he should reduce his speed and exercise the same degree of care others would have exercised under the same conditions. Herring v. Holicer Gas Co., Inc., 1945, La.App., 22 So.2d 868.
 We find the facts show Haas acted- with reasonable care in maintaining L proper lookout and by timely reducing his speed and bringing his vehicle under such control that he was able to bring it to a stop within forty-five feet. There can be no question as to the negligence of Watkins. While it is true a pedestrian has a right to be upon the highway, he is directed by the Motor Vehicle Act, LSA-R.S. 32:237, subd. B, to exercise the use of said highway in a specific manner. In the instant case there can be no doubt that Pleas Watkins was violating the statutory provisions of the regulatory statute.
' We find no error in the judgment from which appealed, but on the contrary, approve the decision- of the trial court in holding that the driver of the mentioned vehicle was free of negligence. Inasmuch as we find the last clear chance doctrine inapplicable, we are of the opinion the decedent was guilty of negligence which was a proximate cause of his death.
For " the reasons so assigned, the judgment’ from which appealed is affirmed at appellants’ cost;