No. 2460.

Second Circuit.

MONCRIEF v. OBER.

(April 10, 1926.   Opinion and Decree.)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Automobiles—Par. 4, 7.**

A small cable illegally stretched above the surface of a public road is such an obstruction that the failure of one driving an automobile to notice it would not indicate careless or reckless driving.

2. **Louisiana Digest—Automobiles—Par. 8, Appeal—Par. 625.**

The finding of the trial court as to the amount of damages sustained in an automobile accident, being eminently correct is affirmed.

(Civil Code, Art. 2315.   Editor's Note.)

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo, Hon. E. P. Mills, Judge.

Action by Joseph Miller Moncrief against Jake Ober for damages arising from an automobile accident. There was judgment for plaintiff and defendant appealed. Judgment affirmed.

Long and Crow, of Shreveport, attorneys for plaintiff, appellee.

Harry V. Booth, of Shreveport, attorney for defendant, appellant.

WEBB, J.   In this action J. M. Moncrief, husband of Mrs. Dorothy Moncrief and father of their minor child, Charles Moncrief, appears individually and as the representative of minor child, and is joined by his wife, who appears in her own be-

half, each seeking to recover damages alleged to have been sustained by them through the negligence of defendant, Jake Ober, who is alleged to have obstructed the highway by placing a cable across it which came in contact with an automobile belonging to the plaintiff, J. M. Moncrief, while being driven on the highway by Mrs. Moncrief.

It is alleged that the automobile was injured and that there would be expenses for medical attention to Mrs. Moncrief and the child; that the child was seriously injured on the hand and body, and that Mrs. Moncrief sustained injuries to her body causing her to suffer a nervous breakdown.

The prayer fixes the damages on behalf of J. M. Moncrief at one hundred and fifty dollars; for the child, five hundred dollars; and for Mrs. Moncrief, at thirteen hundred dollars.

The answer of the defendant denied any negligence or that the injuries had been sustained, and alleged that the accident was attributable to the fault of Mrs. Moncrief in driving the car off of the paved or asphaltic surface of the roadway, and in her failure to maintain a proper lookout.

The judgment of the District Court was in favor of J. M. Moncrief individually for twenty-five dollars and of Mrs. Moncrief for two hundred dollars. Defendant appealed.

The plaintiff answered the appeal, asking that the judgment be amended so as to increase the amount awarded to Mrs. Moncrief to the sum originally claimed and otherwise affirmed.

## OPINION.

The cause presents the following questions:

1. Was the defendant negligent, and, if so, was his negligence the proximate cause of the accident, or merely a contributing cause?

2. What damages, if any, were sustained by the parties?

(1.) The evidence establishes that defendant had stretched across and over the highway a cable, which did obstruct the free passage of vehicles along the highway (when such vehicles should happen to be partially off of the paved or asphaltic surface and on the graveled part of the way), and it not appearing that defendant had obtained permission to stretch the cable across and over the highway, we are of the opinion that his act in placing the cable across and over the highway was negligence. (Revised Statutes, Sec. 3379.)

The evidence shows that the automobile, at the time it came in contact with the cable, was partially off of the paved or asphaltic surface of the roadway, that is, that the left wheels were on the gravel just off of the asphalt, and it further appears that had Mrs. Moncrief known of the obstruction, and been looking for it, she could have seen it for some distance before reaching the point on the road where the cable was stretched over the way, and under these circumstances it is claimed she was negligent, and that the negligence contributed to the accident.

The evidence, however, does not show that the car would have cleared the cable had it been entirely on the asphaltic surface, and, besides, the portion of the roadway immediately next to the asphalt pavement is no less a part of the roadway than the center roadway, and the fact of the car not being wholly upon the asphaltic part of the roadway does not in itself show negligence on the part of Mrs. Moncrief.

As to the failure of Mrs. Moncrief to

have seen the cable, the drivers of automobiles on the highways are charged with the observance of ordinary care as to objects which may be lawfully upon the way, and will be held to have seen such objects (with the resulting consequences) where the evidence shows their failure to have noted the situation is attributable to lack of ordinary care in observing the way; but as to obstructions unlawfully upon the roadway, their failure to have noted the situation will not be attributed to want of ordinary care in observing the way, unless the evidence shows the obstruction to have been such that the failure to have noted the situation shows the driver to have been carelessly or recklessly driving upon the highway. (McWhorter vs. Draughn, 98 Sou. Rep. 597; R. C. L., Highways, vol. 13, p. 396.)

The evidence shows that the cable was small; that it was stretched above the surface of the roadway; and we do not think that it is shown to have been such an obstruction as that the failure of one to have noted it would indicate careless or reckless driving.

(2.) Three persons claimed to have been injured as the result of the collision. J. M. Moncrief claimed one hundred and fifty dollars for damages to the automobile, loss of the use of the car while it was being repaired and for physician's fees which would be necessarily expended for his wife and child as the result of the injuries alleged to have been sustained by them.

The evidence shows that the windshield and top of the automobile were practically destroyed; that defendant had the car repaired and gave plaintiff seven and 50-100 dollars with which to purchase new curtains; but the plaintiff, J. M. Moncrief, says that the repairs were not properly made, and he and his wife stated it would require about fifty dollars to place the car

in as good condition as it was before the accident; while the mechanics who repaired the car stated the windshield was replaced and the top repaired and that the work was first class. It appears, however, that the top as repaired has no buttons by which the curtains could be attached and broken parts had not been replaced.

The plaintiff also stated that he had paid one dollar for a prescription for his wife, and something is said about the failure of plaintiff to have earned five dollars which he would have earned had the car not been laid up for repairs.

While the evidence of the damages sustained by the plaintiff, J. M. Moncrief, is vague, we are of the opinion it establishes that the car, after being repaired, was not in as good condition as it was before the accident, and in view of this fact and the statements as to the amount which would be required to place the car in condition, we find the judgment in favor of plaintiff for twenty-five dollars not excessive.

Relative to the injuries of the child, and damages claimed of five hundred dollars, the evidence shows that the child's hand was scratched or slightly cut, and the injury appears to have been trivial; besides, there was no appeal taken from the judgment which did not allow any damages for the benefit of the child.

The evidence in support of the claim of Mrs. Moncrief shows that her knee was bruised and that she suffered from an unusual nervous condition for about a month after the accident; and while the physician called to examine plaintiff accounted for her conditions following the accident on the theory that she was predisposed to be nervous, there is no contradiction of the testimony as to her condition following the accident.

The plaintiff has asked that the amount allowed be increased, but the evidence does

not, in our opinion, show that plaintiff received a permanent injury as the result of the accident or that she had not recovered from the effect of the accident at the time of the trial, and the amount allowed Mrs. Moncrief is not unreasonably small under the evidence.

The judgment is affirmed.