Plaintiff sued to recover damages to his automobile caused from a collision thereof with a light trailer attached to and drawn by the automobile of defendant. Each owner was operating his own car. The accident occurred on Highway No. 80, east of the City of Shreveport, at about 9:30 p.m., June 30, 1945. Both vehicles were traveling easterly. Plaintiff's car ran violently into the trailer's rear end.
The acts of negligence charged to defendant, alleged to have been the proximate cause of the accident, are these:
1. Stopping his car on the highway; and,
2. Absence of taillights from the rear of the trailer.
Defendant denies any negligence on his part that caused or contributed to the accident; and avers that if the lights on the trailer were not burning at the time of the accident, such fact was unknown to him as they were burning a few minutes prior thereto. He further avers that either from excessive speed or from inattention plaintiff drove into the trailer which was, at the time, on its proper side of the road, in clear view and could have been easily seen. Alleging that the accident occurred solely from the negligence of plaintiff, defendant reconvened and sued for damages to his trailer and car as a result of the collision.
The demand of each litigant was rejected. Plaintiff only appealed. Defendant did not answer the appeal and in this court prays for affirmance of the judgment.
The testimony in the case is unusually brief. The controlling facts are not really in dispute. The headlights of plaintiff's car were burning brightly. He testified that he was traveling at about 30 miles per hour as he approached the trailer; that although the defendant's car and attached trailer were on their proper side of the road, he did not see them until he was very close to them; in fact, so close that he could not stop his car before colliding with the trailer; that he pulled his car slightly to his left in an attempt to pass *Page 710 
the trailer but was prevented from passing by another car, with very bright headlights, coming toward him. He testified that at the speed he was going he could have stopped his own car within a distance of ten feet. Defendant and his wife both testified that plaintiff sounded his horn immediately prior to the collision, indicative of his desire and intention to pass them.
Defendant's car was traveling when run into. The charge that it was stopped on the highway is not true.
[1] The testimony is not conclusive as to whether the taillights on the trailer were burning. Whether they were burning or not has no controlling influence on the question of proximate cause of the collision. That cause is clearly traceable to plaintiff's own negligence in not seeing the trailer in time to avert the collision, and this, too, regardless of whether the lights were burning or not. The trailer's body consisted of boards some 25 inches high, and its rear end presented a solid wall to plaintiff as he drew near it. It was his duty to have seen the trailer in time to avoid running into it and no valid reason in law is given, nor does any appear, why he did not timely see it. It is possible he was momentarily blinded by the headlights of the on-coming automobile and proceeded forward on the assumption that his side of the road ahead was clear. This frequently happens and trouble follows. We believe this is what happened here.
[2] The duty of a motorist when his vision is obscured from the lights of an approaching car, or for any other reason or cause, is well fixed and defined by numerous decisions of this and other courts of this state. In such circumstances, he should reduce his speed and bring his own vehicle under such control as to be able to stop same instantly should conditions require that such action be taken to avert a collision of some sort; and it has been held that out of an abundance of caution, when the driver's vision is obscured to the extent that he cannot see very far ahead of him, he should bring his car to a stop and maintain that position until the cause that made such necessary has passed. Locke v. Shreveport Laundries, Inc., 18 La. App. 169, 137 So. 645.
[3] The rule is well established that a motorist should not drive his motor vehicle at such rate of speed that it cannot be stopped within the distance illumined by its headlights. Many cases involving this principle have reached the courts. Citation thereof would seem unnecessary. There are, however, cases wherein the facts were exceptional and in which this rule was not adhered to, but no such facts appear in the present case. See Gaiennie v. Cooperative Produce Company, Inc., et al., 196 La. 417, 199 So. 377. The highway on both sides of the situs of the accident was straight and there was nothing about the trailer which should have prevented plaintiff from seeing it at a considerable distance had he exercised ordinary care, unless, as said above, he was blinded by the lights of other cars.
For the reasons herein assigned, the Judgment appealed from is affirmed at plaintiff's cost.
McINNIS, J., is recused.