This is an action for value of one horse and one mule, owned by plaintiffs which were killed on the highway by a truck belonging to defendant, driven and operated at the time of the accident by its employee.
Plaintiffs charged that death of the animals resulted from the negligence and carelessness and want of skill of the driver of its truck, which was being operated at an excessive rate of speed, in a reckless manner, and without any effort on the part of the driver to bring the truck to a stop or to avoid a collision with the animals. After trial there was judgment for plaintiffs as prayed for, from which judgment defendant appeals.
The only eyewitness to the accident was the driver of defendant's truck, and we do not find it necessary to go beyond his sworn testimony in arriving at the conclusion that, under the circumstances, he was guilty of negligence in the operation of the truck. *Page 800 
According to the testimony of the truck driver, he left Shreveport about 3:30 a.m., Central War Time, on November 3, 1944, driving a heavily loaded White truck of some two-and-a-half or three tons capacity. At about 5:15 a.m., on the open highway, some two miles south of the town of Converse, Louisiana, and about 60 miles from Shreveport, the truck collided with the horse and mule, causing the death of both animals. The witness testified that at the time he was driving at his regular cruising speed of about 40 miles an hour and had dimmed his lights some distance from the point of the collision because of the fact that he was meeting cars traveling in the opposite direction. The witness further testified that he had a clear vision of the road for some 75 to 100 feet, but that he did not see these particular animals on the highway until he was within 30 to 40 feet. Nowhere in his testimony did the witness indicate that the animals in question rushed suddenly upon the highway. On the contrary, he testified that he saw a number of animals on the highway but made no attempt to apply his brakes when he saw that a collision with the unfortunate horse and mule was imminent. After striking the animals the driver brought his vehicle gradually to a stop some 100 feet or more down the highway. The witness explained that his reason for not attempting to bring his vehicle to a stop nor to avoid the animals by swerving from his course was due to his fear that either of such maneuvers might cause the truck to overturn.
This is not the usual case in which unattended and unfenced stock running at will on the highways causes an accident. The testimony showed that plaintiffs had a number of head of work stock in a corral near the scene of the accident, from which enclosure they had escaped during the night, and wandered out onto the highway.
[1, 2] The conclusion of negligence is inescapable. It was the duty of the driver of the truck to drive at such a speed as would enable him to keep his vehicle under such control as to permit bringing it to a stop within the distance which his headlights projected in front of him. This rule has been too well established and followed in our jurisprudence to necessitate any lengthy discussion or elaboration, and is set forth in numerous cases, among which we find Horn v. Barras, La. App., 172 So. 451; Gates v. Arkansas L.M.R. Co., La. App., 180 So. 835; Meaux v. Gulf Ins. Co., La. App., 182 So. 158; Broussard v. Krause Managan, Inc., La. App., 186 So. 384; Domite v. Thompson, La. App., 9 So.2d 55.
[3] The only other question bears upon the allowance of $250, the alleged value of the mule and $175 as the value of the horse. Our examination of the record convinces us that the testimony of the plaintiffs' witnesses on this point must be regarded as sufficient to establish the values stated. No witnesses for defendant were examined touching the question of value and objection to the amount allowed is based simply upon inferences and conclusions which are insufficient to overcome plaintiffs' evidence.
[4] Attention is called, on the part of defendant-appellant, to the fact that the judgment allowed interest from the date of the accident rather than from the date of judicial demand. There is no question but that such allowance was in error, and, accordingly, the judgment must be amended to that extent.
For the reasons assigned the judgment appealed from is amended to the extent of allowing interest at the rate of 5% per annum from date of judicial demand, and, as amended, is affirmed at appellant's cost.