The lower court sustained exceptions of no cause and no right of action filed by defendant and dismissed this suit. Plaintiff appealed.
In determining the merits of the exceptions the allegations of the petition solely were weighed and considered; and the court below, as we shall do, accepted as true the recital of facts contained in the petition.
Plaintiff owns a Chevrolet Master DeLuxe 4-door sedan which he employed in transporting passengers for hire. At about the hour of 7:30 P. M. March 1, 1947, this sedan, loaded with passengers, and being driven by one Frank Jones, plaintiff's agent, traveling northerly on the concrete highway approximately one-half mile south of the Town of Wisner, Louisiana, in the lower end of Franklin Parish, collided with the front portion of a large stationary Mack truck, the property of Foster and Childers, a co-partnership. Plaintiff instituted this suit against the Protective Indemnity Company of New York, carrier of insurance on the truck, to recover damages done it in the collision and for loss of its use while undergoing repairs.
According to the allegations of the petition, a short distance south of the locus of the collision, the highway, coursing westerly, crosses at right angles, the track of the Missouri-Pacific Railway Company, and then for a brief distance gradually curves northwesterly, which is followed by another curve east of north, and finally at the end of this latter curve the road again *Page 546 
curves west of north into an almost due north and south tangent. All of said curves form an imperfect "S".
The truck was at or near the juncture of the last two curves. It faced southwesterly (diagonally) across the east one-half of the concrete slab, with left front wheel near its east edge, while the right wheel rested near the center line of the slab. The truck had no burning lights nor were there flares put out on the road above and below to warn traffic of its presence. It there effectively blocked traffic.
From the above description of the road's tortuous course, about the scene of the accident, it is readily observed that the headlights of a motor vehicle approaching from the south, could not focus up the center of the highway, but at different angles as the curves were being negotiated. It is certain that until the car entered the second curve its headlights focused away from the truck.
Plaintiff further alleged that his automobile was, immediately prior to and at the time of the collision, being operated by his said agent in a careful and prudent manner, and that proper lookout was maintained by him; that the lights of the car were functioning efficiently; that as the car entered the second curve (toward the northeast) the large truck was observed by the driver at which time it was not over twenty or twenty-five feet away; that by reason of this brief distance and of the truck's position on the highway, a collision therewith could not be averted, although said driver endeavored to do so by suddenly veering the car to his left; that the front right wheel and fender of the sedan were torn away by violent contact with the right end of the bumper of the truck.
Plaintiff also alleged that as his car began to negotiate the first curve, another car with bright headlights was approaching from the north, but it is not alleged that the passing of this other car or the brilliance of its lights contributed in any manner to the collision.
It is additionally alleged that the accident happened solely because of the gross negligence of the owner of the truck, which consisted in leaving the vehicle on the highway at the place and in the position above described, and allowing it to remain there (presumably unattended) without flares or other signal to apprise motorists on the highway of its presence as required by Rule 15(a) of the Highway Regulatory Act, No. 286 of 1938, § 3.
The defendant, in support of its position on the exceptions, invoked the general rule that a motorist should never drive his vehicle in the nighttime at a speed so fast that it cannot be stopped within the distance well illumined by its headlights. The cases of Hogue v. Akin Truck Lines, La. App., 16 So.2d 366, and Mickens v. F. Strauss Son, Inc., La. App., 28 So.2d 84, decided by this court, are cited to sustain its position. The facts of these two cases are in material respects dissimiliar to those alleged in the petition before us. In the Hogue case the accident occurred at night on a straight section of a concrete highway. It was alleged that the offending truck was parked entirely on the paved portion of the highway. It was raining; visibility was poor. The plaintiff was driving rapidly in order to timely reach the place of his employment. The truck was seen only when too close to avoid the collision. The general rule as to the ability to stop a motor vehicle within the distance illumined by its headlights was applied. There were no exceptional facts and circumstances so far as the petition disclosed.
In the Mickens case the facts are that the plaintiff was blinded by the lights of other cars but did not reduce speed nor otherwise bring his car under control so as to successfully cope with the situation that suddenly arose before him; that is, he was suddenly confronted with the body of a large trailer truck across his side of the highway. It was then too late for him to escape colliding with it. The facts disclosed by the petition warranted application of the mentioned general rule.
It is well established that the general rule relied upon by defendant is not immune to exceptions. We discussed and commented on cases that are exceptions to the rule in the Hogue case and to some extent in the Mickens case, particularly Gaiennie v. Cooperative Produce Company, Inc., et al.,196 La. 417, 199 So. 377. *Page 547 
And more recently, in the case of Rea v. Dow Motor Company, La. App., 36 So.2d 750, this court condemned the defendant in damages on the theory that the facts therein made of that case an exception to the general rule.
In the case at bar the gross negligence of the truck's owner is beyond question. Rule 15(a) of the cited act provides:
"In no event shall any person park or leave standing any vehicle, whether attended or unattended, upon any highway unless a clear and unobstructed width of not less than fifteen (15) feet upon the main traveled portion of said highway opposite such standing vehicle shall be left free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of two hundred (200) feet in each direction upon such highway; provided, that if such vehicle is left parked, attended or unattended, one half hour after sunset or one half hour before sunrise, the person stopping it or parking it at that time or place, or causing it to be so stopped or parked or left standing, shall display appropriate signal lights thereon, sufficient to warn approaching traffic of its presence thereat."
This law was violated in more than one respect when the truck was left on the road.
The truck's presence on its wrong side of the highway without lights or flares constituted a grave menace to traffic on that side of the highway, and especially is this true when the unusually tortuous course of the highway thereabout is taken into consideration. Because of the several curves in the road thereabout the headlights of a northbound car do not aid a driver in his efforts to see up the highway as would be the case if the road were straight. The lights, instead of focusing up the road, shifted as to direction, from time to time, as the car's position thereon changed. For this reason the presence of the stationary truck could not be discerned until the sedan was so close to it that a collision could not be averted.
The facts of this case, as alleged, if established by proof, clearly make of it an exception to said general rule.
Of course, as said before, we simply pass on the petition's sufficiency to disclose a cause or a right of action. It is not our intention or purpose to go beyond this. The alleged facts warrant a trial of the case on the merits.
For the reasons herein assigned, the judgment from which appealed is annulled and set aside, and the case is remanded to the lower court for further proceedings. Costs of appeal are assessed against the defendant. Fixing of liability for all other costs will await final judgment in the case.