Plaintiff appealed from judgment that sustained exceptions of no cause and no right of action and dismissed his suit. He sued to recover damages allegedly due for physical injuries sustained by him and for the destruction of his automobile, results of a collision between it and defendant's bus, on the Monroe-Bastrop paved highway, in the Parish of Ouachita, in the night time. The suit is against Jack Russell, doing business as Monroe-Sterlington Bus Line, and his insurer, Globe Indemnity Company.
As the exceptions have to stand or fall upon a construction of the well pleaded facts in the petition, we here quote or paraphrase those allegations, contended by the plaintiff to be adequate to repel the exceptions and which, on the other hand, defendants insist are insufficient in this case to disclose a right or a cause of action.
Plaintiff alleges that after dark, the evening of December 6, 1947, he was driving his Plymouth sedan automobile on said highway, toward Bastrop or northeasterly, and overtook and passed another automobile; that immediately after passing said automobile, and "before he could see", a *Page 565 
bus of the defendant, Russell, operated by one of his drivers, in the discharge of the duties of his employment, was practically "at a standstill as it was beginning to stop to discharge a passenger"; that the bus had no lights on its back end and "therefore, could not be seen by your petitioner", and, "naturally, under these circumstances, your petitioner ran into the back of the said bus and completely demolished" his Plymouth car. He also alleged that had the bus been equipped with rear lights, as required by law, it could have been seen when at stop for "a great distance". The color of the bus is not disclosed in the petition.
Negligence in the following respects is charged to the defendant, Russell, and his driver, to wit: Not having proper lights on said bus as required by law; not giving proper signal of his intention to stop; totally disregarding the presence of the automobile to the rear of the bus and in failing to signal that car of his intention to stop at a time when his lights were not working.
The case brings up for consideration, and pivots upon the general rule that it is actionable negligence for a motorist, in the night time, to operate his vehicle at such rate of speed that it cannot be stopped within the distance well illumined by its headlights. This general rule has been applied and enforced in many cases decided by this and the other courts of appeal of the state and by the Supreme Court. The rule admits of exceptions, and plaintiff argues that his case falls within the realm of an exception. That there are exceptions to said general rule has been recognized in several cases. See Hogue v. Akin Truck Line et al., La. App., 16 So.2d 366, wherein exceptional cases were cited and discussed; and the very recent case of Rea v. Dow Motor Company, La. App., 36 So.2d 750, the facts of which, in the opinion of this court, eliminated it from the operative effect of the general rule above mentioned. The Supreme Court on November 8, 1948, declined to review judgment in that case.
The petition's recitals warrant the conclusion that plaintiff's car had completely passed the other car and had regained its right side of the road prior to the time of the collision. This being true, this other car must then have been immediately back of plaintiff's and in the same lane of travel. We cannot perceive wherein the lights of the car at his rear could have, to any extent, interfered with his ability to discern the bus which presented to him a solid wall several feet high and several feet wide. The headlights of his own car, if functioning efficiently, ought to have revealed to him the bus' rear end in ample time to avoid running into it if his own speed had not then been excessive, all conditions being considered. The fact that, as by him alleged, his car was demolished from the impact, speaks rather convincingly that his speed was excessive.
It will be observed that plaintiff does not allege that the bus stopped suddenly in front of him. He must have observed that it was preparing to stop because he alleged that it was "beginning to stop to discharge a passenger". Therefore, the bus and its movements obviously were clearly seen by him prior to the collision. In view of all this we do not see how the absence of rear lights or the failure to give signal of the intent to stop, as by plaintiff alleged, should have any material influence in the case. Obviously, the collision would have occurred had the lights been burning and the signal been given.
The conclusion is readily deducible from the petition's contents that plaintiff, after regaining his side of the road, followed too closely to the bus and was going too fast to stop his own car before running into it, although he observed that it was slowing down preparatory to making a stop. Signal of the bus driver indicative of his purpose to bring it to a stop could not have been more significant to plaintiff than was the slowly reduced speed of the bus precedent to making the stop.
We experience no difficulty in reaching the conclusion that plaintiff's own actions immediately preceding the collision amounted to negligence of such character as to bar recovery by him of the damages for which he has sued; and granting that the rear lights of the bus were not burning and that its driver failed to give signal of his intention to stop, these omissions of duty could not reasonably be *Page 566 
construed to be the proximate cause of the accident.
Therefore, for the reasons herein assigned, the judgment from which appealed, is affirmed with costs.