Plaintiff, subrogee of Mrs. H. L. Lewis, brought this suit against Edgar Linkenhoger and his insurer to recover $612.78 allegedly due Mrs. Lewis for damage to her Buick automobile resulting from a collision with a motor truck belonging to one defendant and insured by the other. The petition alleged that Mrs. Lewis, shortly after dark on the night in question, was driving her automobile northward on State Highway No. 8; that when she reached a point a few miles south of Vivian, Louisiana, she saw defendant's truck ahead with its headlights burning and apparently on its right side of the road; that she dimmed her lights, expecting to pass the truck in regular course, but that when she passed the front of the vehicle there suddenly loomed in front of her, without lights, a large object across the east (her right) side of the highway, blocking her lane of traffic; that in spite of a prompt application of her brakes and turning her wheels to the right, she nevertheless struck the dark object which turned out to be the trailer portion of defendant's truck which was jackknifed across the east side of the highway. Plaintiff alleged that Mrs. Lewis was unable to see the trailer across her side of the highway because of darkness, of the rain and mist that were falling and because of the headlights of the truck and because of the dark color of the trailer and the complete absence of any light on it, and specifically alleged that the driver of defendant's truck was negligent in parking, the truck and trailer crosswise the highway without lights burning except the headlights and in neglecting to place flares or other warning.
Defendants in answer admitted the collision but set forth that the proximate cause of the collision was, the negligence of Mrs. Lewis in driving her car on her left (or west) portion of the highway and into the *Page 473 
left side of the trailer, and in the alternative, in the event the Court should hold that her negligence was not the sole proximate cause of the collision, then that she was guilty of contributory negligence which defendants pleaded as a bar to plaintiff's recovery.
The record contains an excellent opinion of the District Judge who concluded that the testimony and the physical facts bore out the contention of Mrs. Lewis that defendant's trailer, at the time of the collision, was occupying the east (its left) side of the highway; that Mrs. Lewis was not negligent in continuing to travel north after she saw defendant's truck on the west side of the highway facing south with its front lights burning and that, having passed the headlights, she was not negligent in being unable to avoid hitting the trailer, whose presence on her side of the road was not known to her until after she had passed the truck's front headlights.
After defendants' application for a rehearing, the Court filed a second written opinion and reaffirmed its finding that Mrs. Lewis, upon seeing the headlights of defendant's truck on the west (its right) side of the road, was justified in proceeding onward; that the headlights on the truck prevented her from seeing the trailer which was across the center line of the highway until she was too close upon it to stop before the collision occurred. The case is before us on an appeal from a judgment condemning the defendants to pay the $612.78 damage done to Mrs. Lewis' Buick.
The series of circumstances leading up to the collision between defendant's truck and Mrs. Lewis' Buick began when another automobile ran into the ditch on the east side of the highway at the scene of the accident and shortly prior to Mrs. Lewis' approach. When defendant's truck, traveling south, reached the scene, it was stopped by the driver of the stranded automobile who asked defendant's driver to assist him in getting his machine out of the ditch.
Plaintiff alleged that defendant's driver had backed up the truck, causing the trailer to be jackknifed across the highway, preparatory to assisting the distressed automobile. Defendant's driver admitted that he had stopped his truck in response to the plea for assistance, but denied that he had backed up and stated that, while the truck was parked at an angle with the right front wheel off the pavement, the entire truck and trailer portion occupied only the west side of the highway.
Mr. Clarence Massey, who lived near the scene, testified that he saw defendant's truck backing up after it had stopped to render assistance. Mr. Bain, a Deputy Sheriff for Caddo Parish, Louisiana, arrived at the scene after the accident and testified that there was mud on the highway which extended from the west side and across the black line into the east side and that this mud had obviously been jarred from the truck and trailer. Mrs. Lewis testified that the trailer blocked her right side of the highway and that defendant's driver, immediately after the accident, acknowledged that his trailer was across the black center line. Defendant's driver said that the driver of the stranded car was standing beside the truck, but behind the headlights, and engaged in flagging Mrs. Lewis' car as it approached. The District Court noted that the defendants did not produce this witness who would have known the position of the truck, etc.
After carefully studying the record, we agree with the findings of the District Judge and conclude that at the time of the collision the front or truck portion of defendant's truck occupied the west (its right) side of the road; that its headlights were burning; that its clearance lights were not burning and that Mrs. Lewis was justified as she approached from the south in concluding that the truck was in the normal position of on-coming traffic either approaching or parked on its side of the highway and that she was not negligent in continuing to drive forward and that the trailer, jackknifed across the east side of the highway, was not revealed to Mrs. Lewis until she had passed the truck's headlights and was within a few feet of the trailer and too close to avoid the collision.
The decision of this Court in the case of Herring v. Holicer Gas Co., Inc., et al., La. App., 22 So.2d 868, 872, is applicable to the present case. There this *Page 474 
Court stated that it is common knowledge to those who operate motor vehicles on our highways at night that one's headlights will not reveal objects on the highway beyond or behind the headlights of an oncoming vehicle. Consequently, Mrs. Lewis or any one else in her situation could not be expected or required to reduce speed to such an extent that her automobile could be stopped within the short distance between her and the trailer after its presence on the highway was revealed. As stated by the Court in the Herring case, "to have effectively guarded against the emergency that did confront him, he would have had to proceed at a snail-like pace or have brought his car to a complete stop. The law does not exact this of a motorist under such circumstances."
While the record shows that there was a rain or mist falling, there is no proof that this was a contributing cause of the accident. Defendants contend that the case of Hogue v. Akin Truck Line et al., La. App., 16 So.2d 366, is applicable because the record shows that there was a misting rain at the time of the collision. We concede the correctness of the principle that when visibility is materially impaired because of smoke, mist, dust or other causes a motorist should reduce his rate of speed to such an extent and keep his car under such control as to reduce to a minimum the possibility of an accident from collision, etc. The principle above stated would have been applicable had Mrs. Lewis approached from the other direction and suffered damage as a result of crashing into the rear of defendant's truck.
We find as did the District Judge — and as did this Court find in the Herring case — that the proximate cause of the accident was the truck driver's negligence in blocking the left lane of traffic. Under such circumstances, when the front portion of the truck is on its own side of the road with headlights burning, it is not contributory negligence for the approaching motorist not to anticipate such an unusual condition as a trailer being jackknifed across the left side of the road. Nor is it contributory negligence for the approaching motorist under such circumstances to fail to avoid the obstacle which becomes visible only after the approaching vehicle passes the headlights of the parked truck.
The judgment appealed from is affirmed, with costs.