HARDY, Judge.
This is a suit for the recovery of personal and property damages resulting from an automobile collision which occurred in Avoyelies Parish on the Alexandria-Marks-ville Highway. Defendants are the owner and driver of a jeep trailer combination with which plaintiff’s automobile collided. After trial there was judgment in favor of plaintiff and against the defendants, in solido, in the principal sum of $878.38. From this judgment both defendants were granted orders of appeal and the appeal has been perfected as to the defendant Ke-lone. No bond has been filed on behalf of the defendant Dennis Dauzat, and, accordingly, there is no appeal before this court as to him.
The accident occurred between 8:00 and 8:30 o’clock P.M., at which time a jeep, driven by defendant Dennis Dauzat, pulling a trailer loaded with seed cotton, was proceeding in a northwesterly direction along the Alexandria-Marksville paved highway. The jeep and trailer were owned by defendant Kelone, employer of the defendant Dennis Dauzat. Following the described vehicles, at the time, and proceeding in the same direction plaintiff was driving his 1948 Plymouth automobile when he collided with the rear end of the Kelone trailer, sustaining serious damages to his automobile and some slight and more or less inconsequential temporary physical injury.
Plaintiff alleges that the accident was caused solely and entirely by the negligence of the defendant Dennis Dauzat, acting in the course and scope of his employment by the defendant Kelone. The negligence specified consisted of the alleged operation of the jeep-trailer combination without any rear light, reflectors or other warning signals or devices, and 'by suddenly stopping on the highway or permitting the trailer to be suddenly stopped thereon. Plaintiff charges that the vehicles were either suddenly stopped or that the trailer, being insecurely fastened, had become disengaged from the jeep'and stopped on the highway.
Plaintiff alleged that immediately prior to the collision an automobile approached him from the opposite direction; that the headlights of said car were burning brightly; that it became necessary for petitioner to dim his lights and that petitioner’s vision was obscured and temporarily impaired. For these reasons plaintiff contends he was unaware of the presence of the jeep-trailer directly ahead and in the same lane of traffic; and that he collided with the rear end thereof despite his application of brakes and attempts to avoid the collision.
In answer defendant denied plaintiff’s charge of negligence, assumed the position of plaintiff in ' reconvention, affirmatively alleged the presence of appropriate warning lights on the jeep-trailer; charged plaintiff with reckless driving at an excessive rate of speed while under the influence of intoxicants, and claimed damages for personal injuries, medical bills, loss of work, totaling $1,115, on behalf of defendant Dennis Dauzat, and damages on behalf of defendant Kelone to his trailer, jeep and for the loss of cotton.
We regret that the testimony adduced on trial on the merits is so unsatisfactory, conflicting, contradictory and irreconcilable as between the witnesses for the respective parties litigant that no useful purpose would be served in attempting to analyze the testimony in any detail. However, fortunately, we think the case must be resolved upon well-established principles of law , which are dependent upon facts which we believe to be satisfactorily reflected in the record.
*926 Those facts which we think are pertinent to the solution of the case presented and which, in our opinion, have been established are that defendant’s jeep-trailer unit was being driven at a very slow rate of speed in the proper right-hand highway lane; that the trailer was not equipped at the time with any taillight, reflectors or other warning signals; that plaintiff was driving at a speed of approximately 40 miles per hour in the same direction and the same lane of travel; that he was momentarily blinded by the bright headlights of an approaching vehicle and that he crashed into the rear of defendant’s trailer without having perceived its presence on the highway until an instant almost immediately preceding the moment of impact.
The distinguished judge ad hoc who heard the trial of the case carefully analyzed the testimony in his written opinion and on the basis of such analysis proceeded to render judgment for plaintiff, citing as his principal authority the case of Watts v. Spikes, La.App., 60 So.2d 242. With due respect and consideration for the opinion of the learned judge ad hoc, we call attention to the fact that the case cited involved purely and simply the disposition of defendant’s exception of no cause or right of action. There is a vast distinction between the required acceptance, as true, of well-pleaded allegations and the establishment, vel non, of the same alleged facts on trial. In the instant .case the facts actually established must control the determination of the legal issues.
We think the questions presented are completely and definitely resolved by the pronouncement of this court in Rachal v. Balthazar, 32 So.2d 483, in which the facts were strikingly similar to those which are here under consideration. In the Rachal case the plaintiff’s husband was driving a T-Model Ford truck with neither headlights nor taillights at about 2:30 o’clock on a February morning; defendant was driving his passenger car following plaintiff’s vehicle in the same direction at a speed of about 40 miles per hour; was blinded -by the headlights of an approaching automobile; failed to see plaintiff’s truck until he was within a distance of some 8 or 10 feet, and crashed into the rear thereof. In holding for recovery by plaintiff this court relied upon the case of Pepper v. Walsworth, 6 La.App. 610, and quoted more or less extensively from the opinion therein.
Returning to discussion of the instant case we reiterate the statement made in the Rachal case that the use of highways at night by vehicles traveling without lights is a particularly dangerous menace to vehicular traffic. The hazard cr.eated is one which should be, and is, severely condemned, but it does not overcome the burden of responsibility which is placed upon the drivers of following vehicles, namely to maintain such control as to permit bringing the following vehicle to a stop, when and if necessary, within the range of his own lights.
Under the particular circumstances presented in this case we are clear in the opinion that the sole and proximate cause of the collision is attributable to the failure of plaintiff to maintain such control of his automobile as to permit him to bring it to a stop within the range of his lights and his further negligence in failing to decrease his speed when temporarily blinded by the headlights of an approaching vehicle.
The only question remaining for consideration is whether, under the circumstances of this particular case, the doctrine which was first announced in Gaiennie v. Cooperative Produce Co., 196 La. 417, 199 So. 377, and which has been followed by our courts in numerous subsequent cases, among which we mention Murry v. Salley, La.App., 35 So.2d 820; Rea v. Dow Motor Co., La.App., 36 So.2d 750; Vines v. Protective Ind. Co., La.App., 37 So.2d 545; Woodall v. Southern Scrap Material Co., La.App., 40 So.2d 495; Lynch v. Fisher, La.App., 41 So.2d 692, should be invoked.
Photographs of the damaged trailer with which plaintiff’s car collided do not show a construction of such unusual design, nature or character as would bring the vehicle within the purview of the exception to the general rule which has been made in the above cited cases. Additionally, it *927 was established that the trailer was loaded with seed cotton which was protruding through the narrow cracks of the crosspieces of the tailboard of the trailer. The silhouette presented was almost solid and should have been rendered more easily perceptible by the white cotton with which the trailer was loaded. As a matter of fact, it is not urgently contended on behalf of plaintiff that he could not have seen the jeep-trailer unit, but his failure to see what could and should have been seen is attempted to be excused by the temporary impairment of his vision. This cannot be accepted as a legal excuse, and, indeed, it but serves to enhance plaintiff’s own negligence.
Proceeding to a consideration of defendant Kelone’s reconventional demand, we observe that he seeks recovery of a total of $322.50 itemized as follows:
“1. Complete loss of the trailer attached to the said jeep $250.00
2. Repairs to the jeep 30.00
3. Loss of one bale of cotton 25.00
4. Loss of 100 pounds of lint cotton 17.50
$322.50”
■We do not think defendant succeeded in establishing the total loss of the trailer. One of his own witnesses who had originally built the trailer for defendant testified that he had done some welding work on the chassis after the accident. As best we can determine it will be necessary for defendant to procure the rebuilding of the frame or body of the trailer and perhaps some other incidental work and to replace the tires which, according to his uncon-troverted testimony, were rendered totally useless. For these reasons we think the allowance of $150 would approximate, as best we are able to determine from the testimony, the actual damage. The item of repairs to the jeep was established in the exact amount of $30.60, but of course defendant is limited to the figure of $30. The only loss of cotton as supported by the testimony was restricted to a total amount of $35, only one-half of which represented the defendant Kelone’s interest, the other one-half belonging to his employee, Dennis Dauzat, who, as we have set forth, is not a party to this appeal.
We think a total allowance of $197.50 on the items set forth would be appropriate.
For the reasons assigned the judgment from which appealed is reversed and set aside and there is now judgment in favor of the defendant, Cleonile Kelone, and against the plaintiff, Narcisse Dauzat, rejecting the said plaintiff’s demands. There is further judgment in favor of the said defendant and against said plaintiff on the defendant Kelone’s reconventional demand in the full sum of $197.50, with legal interest thereon from date of judicial demand until paid, together with all costs of both courts.