**ROBERT v. HARTFORD ACCIDENT & INDEMNITY CO.**

Civ. No. 3577.

United States District Court,
W. D. Louisiana, Opelousas Division.

Oct. 26, 1953.

Dubuisson & Dubuisson, Opelousas, La., for plaintiff.

Jones, Kimball & Everett, Lake Charles, La., for defendant.

DAWKINS, District Judge.

Presented here for decision is defendant's motion for summary judgment, based upon the allegations of the complaint and answer, and upon the depositions of plaintiff and one Guy Barnes,

the driver of a truck-trailer combination with which plaintiff's car collided.

The action is in tort, predicated upon the alleged negligence of Barnes, driver for defendant's assured, M. S. Carroll Company, Inc., a Louisiana corporation. Proceeding under the Diversity Statute[1] plaintiff sues defendant directly and alone[2] for $25,164.51 as damages allegedly resulting from his personal injuries and expenses sustained in the accident.

The facts, taken from the above pleadings and depositions, are as follows: At about 7:30 p. m., January 8, 1951, plaintiff was driving alone in his 1949 Oldsmobile in an easterly direction on U. S. Highway 190. As he arrived at or near the western ramp or approach to the highway bridge across the Atchafalaya River, in St. Landry Parish, Louisiana, he observed one or more automobiles coming toward him from the east, whereupon he deflected his headlights from the "bright", or driving, position to the "dim" position.

To afford clearance for river traffic on the Atchafalaya, the bridge is elevated some distance above the water. Since the surrounding terrain is flat, this necessitates rather sharply rising ramps, or approaches, with a roadway two lanes wide and about 150 to 200 yards long, at either end of the bridge, so that vehicular traffic on the highway may reach and cross the bridge. There are concrete guard rails, about three or four feet high, on each side of the ramps, to keep vehicles from driving off the roadway and falling to the ground below.

After deflecting his headlights and having observed that the drivers of the approaching vehicles had done the same, plaintiff entered upon the ramp and drove ahead, at a speed of thirty to thirty-five miles per hour. While on the ramp, he met and passed three westbound cars, all of which had their lights deflected. Just as, or shortly after, the third car had passed, at a point about

1. 28 U.S.C.A. § 1332.

2. Under the Louisiana Direct Action Statute, Act 55 of 1930, as amended, LSA–R.S. 22:654 et seq.

two-thirds of the distance from the western foot of the ramp, he observed for the first time the truck-trailer driven by Barnes, proceeding easterly up the incline at a slow speed, without its tail-lights burning, in plaintiff's traffic lane.

Seeing that he was overtaking the truck rapidly and was about to crash into its rear, plaintiff applied his brakes and swerved to his left, but did not succeed in avoiding a collision, the impact of which was between the right front and side of his car and the left rear portion of the trailer.

The night was dark, but the weather was clear and the roadway dry.

Plaintiff contends he is entitled to recover damages from defendant, alleging that the sole, proximate cause of the accident was the negligence of Barnes in driving the truck-trailer on the highway at night without tail-lights. He does not allege, nor did he testify in his deposition, that he was suddenly or unexpectedly blinded by headlights from oncoming vehicles, or that there was anything to obstruct or interfere with his vision. He blames his failure to see the truck in time, although he was maintaining a careful lookout, upon the fact that the unlighted flat-bed trailer and its load were so dark and invisible as to make it impossible to see them until he was practically upon them.

Defendant urges, on the other hand, that its motion should be sustained and the suit dismissed because plaintiff's deposition clearly shows he was negligent, that this proximately caused the acci-

dent, and that Louisiana law denies him the right of recovery.

Cited in its brief are a large number of Louisiana cases[3] illustrating the general rule that a motorist must drive at night so as to be able to stop within the range of vision afforded by his headlights; and it is only when exceptional circumstances are present that he is excused from this duty.[4]

We have read also the recent decision of the Louisiana Court of Appeal for the Second Circuit in the case of Dauzat v. KeLone, 1953, 65 So.2d 924, which is practically on all-fours with the present case. The court there not only rejected the demands of the following motorist who drove his car into the rear of a preceding trailer, which had no tail-lights or reflectors, but permitted the preceding motorist to recover damages from the overtaking driver. In Smith v. Fidelity Mutual Ins. Co., 5 Cir., 1953, 206 F.2d 549, a judgment granting a directed verdict for defendant at the close of plaintiff's evidence was affirmed in a case similar to the one before us. There the undisputed evidence showed that plaintiff's driver continued ahead at undiminished speed until he crashed into the rear of an unlighted truck, although he had been more or less blinded by bright lights from opposing traffic for a distance in excess of one hundred yards. The court said that the issue of contributory negligence is ordinarily for the jury, and it is only where there is no substantial conflict in the evidence which conditions it, and when, from the undisputed facts, reasonable men, in the ex-

3. LeDoux v. Beyt, La.App.1948, 35 So. 2d 472; Blahut v. McCahil, La.App.1935, 163 So. 195; Inman v. Silver Fleet of Memphis, La.App.1937, 175 So. 436; Safety Tire Service, Inc., v. Murov, 1932, 19 La.App. 663, 140 So. 879; Hogue v. Akin Truck Line, La.App. 1944, 16 So.2d 366; Brothers v. Russell, La.App.1948, 37 So.2d 564; Odom v. Long, La.App. 1946, 26 So.2d 709; Rachal v. Balthazar, La.App.1947, 32 So.2d 483; Tatum Bros. v. Herrin Transp. Co., La.App.1946, 29 So.2d 799; Woodall v. Southern Scrap Material Co., La.App.1949, 40 So.2d 495; Woodley & Collins v. Schusters' Wholesale Produce Co., 1930, 170 La. 527, 128 So. 469; and Louisiana Power & Light Co. v. Saia, 1937, 188 La. 358, 177 So. 238.

4. Dodge v. Bituminous Cas. Corp., 214 La. 1031, 39 So.2d 720; Gaiennie v. Co-operative Produce Co., 196 La. 417, 199 So. 377; Jacobs v. Jacobs, 141 La. 272, 74 So. 992, L.R.A.1917F, 253; Moncrief v. Ober, 3 La.App. 660; Kirk v. United Gas Public Service Co., 185 La. 580, 170 So. 1.

ercise of fair judgment, would be compelled to reach the same conclusion, that the court may properly withdraw it from the jury.

Were it not for the holding of the Fifth Circuit Court of Appeals in New Amsterdam Casualty Co. v. Ledoux, 1947, 159 F.2d 905, we would sustain the motion before us. That decision, by which we are bound, holds that each case such as this must be resolved upon its own peculiar facts and circumstances, which should be passed upon by the jury.

If it develops at the trial that plaintiff cannot justify, beyond the excuses he gives in his deposition, his failure to have seen the truck in time to have avoided the accident, either by his own testimony or that of others, then we would sustain a motion for a directed verdict. At this stage of the case, while it appears to us that plaintiff, not having been blinded by lights or otherwise, should have seen the truck's silhouette in time, considering that it was up-hill from him and that the guardrails would have had the effect of concentrating the lights from all of the vehicles within a relatively narrow space so as to make the truck more visible, we think plaintiff is entitled to his day in court.

Accordingly, the motion for summary judgment must be, and is hereby, overruled.