SANDIFER OIL COMPANY, Inc., Grain Dealers Mutual Insurance Company, The Lumbermens Mutual Insurance Company, The Lumber Mutual Fire Insurance Company, and Michigan Millers Mutual Insurance Company

v.

The HOME INDEMNITY COMPANY.

Civ. A. No. 5625.

United States District Court
W. D. Louisiana, Monroe Division.

March 13, 1957.

Henry Bernstein, Jr., Hudson, Potts and Bernstein, Monroe, La., for plaintiffs.

Albin P. Lassiter, Robert T. Farr, Monroe, La., for defendant.

BENJAMIN C. DAWKINS, Jr., Chief Judge.

This cause having been heard at a trial, before the Court without a jury, the Court having considered the pleadings, the stipulation of the parties, and the evidence, makes the following

Findings of Fact.

1.

Plaintiffs are Sandifer Oil Company, Inc., a Mississippi corporation; Grain Dealers Mutual Insurance Company, an Indiana corporation; Lumbermens Mutual Insurance Company, an Ohio corporation; The Lumber Mutual Fire Insurance Company, a Massachusetts corporation; and Michigan Millers Mutual Insurance Company, a Michigan corporation; all plaintiffs being corporate citizens of the States of their domiciles.

2.

Defendant, Home Indemnity Company, is a corporate citizen of the State of New York, being domiciled therein, and having a designated agent for service of process in this State, namely, the Secretary of State of Louisiana, upon whom service was made herein. Defendant does business in the Western District of Louisiana, Monroe Division.

3.

The suit is for a total of $5,447.72, in tort damages, on account of an accident which occurred on August 17, 1955, on U. S. Highway No. 80, at the Village of Start, in Richland Parish, Louisiana. At that time and place, John C. Lewis, an

employee of Sandifer Oil Company, Inc., was driving a 1950 International truck, and attached semi-trailer on which two butane tanks were mounted, owned by that company, and insured against collision and fire damage by the other plaintiffs. Lewis was proceeding in a westerly direction on the highway, the time of the accident being at approximately 3:00 A.M. The highway runs east and west, its paved portion being 24 feet wide, and it was straight and level at the point of the accident. The weather was clear and the road surface dry.

4.

A few minutes before the truck-trailer operated by Lewis arrived at the Village of Start, one Manuel Jenkins, an employee of F. Strauss & Son, Inc., of Monroe, Louisiana, had been driving in an easterly direction on the highway in a 1950 International truck-trailer, owned by that company, which was insured against public liability, and property damage liability in an amount greater than the sum herein sued for, by Home Indemnity Company. The trailer portion of this truck was loaded with produce. Jenkins was to deliver a part of its load to a retail store located at Start. He was unfamiliar with the location of the store, this having been his first trip in the capacity of truck driver.

5.

When Jenkins arrived at Start, he drove the truck-trailer to his left, in a northeasterly direction, upon a wide gravel apron in front of certain buildings located on the north side of the highway, and stopped with the cab of the truck several feet north of the north edge of the pavement, facing in an easterly direction, approximately parallel to the highway. However, he did not succeed in getting the trailer entirely off of the paved portion of the highway, particularly the westbound traffic lane, leaving it in an angling position, approximately southwest to northeast, with the right rear corner of the trailer located approximately 6 feet, or more, south of the north edge of the pavement, thus substantially blocking the westbound traffic lane. Jenkins allowed the trailer to remain in this position until the truck driven by Lewis came along and struck it a few minutes later.

6.

Because of the position of the tractor, or cab portion, of the Strauss truck, off of the paved, main-travelled part of the highway, with its lights facing easterly, Lewis reasonably thought that the entire vehicle was parked in a position which made it safe for him to continue on his proper, right-hand side of the highway in a westerly direction. He was driving at a reasonable rate of speed, and was maintaining a proper lookout. It was not until he had driven past the eastward-projecting headlights of the Strauss truck that he saw, or was able to see, the trailer projecting onto the highway and blocking his pathway, at which instant he applied his brakes, and attempted to swerve to the left, but was unable to avoid striking the right rear portion of the Strauss trailer with the right front portion of the truck he was driving, blowing out his right front tire and causing his vehicle to go out of control, swerving to the north side of the highway, where, after traveling approximately 150 to 200 feet, it turned over, caught fire, and was destroyed.

7.

The parties have stipulated that the damage to the Sandifer truck amounted to $5,447.72, and that, if there is liability on defendant's part, the plaintiffs are entitled to recover from defendant in accordance with the following figures:

| | |
|---|---|
| Sandifer Oil Company, Inc. | $1,850.00 |
| Grain Dealers Mutual Insurance Company | 899.43 |
| The Lumbermens Mutual Insurance Company | 899.43 |
| The Lumber Mutual Fire Insurance Company | 899.43 |
| Michigan Millers Mutual Insurance Company | 899.43 |
| Total Damage | $5,447.72 |

Conclusions of Law.

**1.**

The Court has jurisdiction of the parties and of the cause of action, 28 U.S.C. § 1332.

**2.**

The sole, proximate cause of the accident was the negligence of Manuel Jenkins in creating a "trap" by parking the truck-trailer combination as described above, and Lewis was not guilty of any contributory negligence. Herring v. Holicer Gas Company, La.App., 22 So.2d 868; Central Manufacturers Mutual Insurance Company v. Linkenhoger, La. App., 41 So.2d 472; and Car & General Insurance Corp. v. Cheshire, 5 Cir., 159 F.2d 985.

**3.**

Defendant is liable to plaintiffs for the sums set forth in Finding of Fact 7, supra. Judgment in accordance should be submitted for signature.