LOTTINGER, Judge.
Shortly after midnight on the night of January 29-30, 1949, an accident occurred on the western incline of the Mississippi River bridge when a pickup truck owned by the Red Stick Fire and Supply Company and operated by one of its employees, Adam J. Tullier, ran into the rear end of a truck of the Louisiana Department of Highways operated by one Joseph Silvio. The plaintiff in this suit, Joseph Edward White, was riding as a guest passenger in the pickup truck at -the time and he seeks in this action to recover for the injuries sustained by him in the accident.
Suit was brought against four defendants, namely: (1) Red Stick Tire and Supply Company, Tullier’s employer, (2) State Farm Mutual Automobile Insurance Company, the liability insurer of the Red Stick Tire and Supply Company, (3) Joseph Silvio, the driver of the Department of Highways’ truck and (4) Great American Indemnity Company, liability insurer of the Department of Highways.
In his petition the plaintiff alleged that he was a guest passenger and pleaded the doctrine of res ipsa loquitur. In the alternative he alleged that Tullier was negligent in not keeping a proper lookout, in failing to see and heed the Department of Highways truck and in overtaking and running into same which was headed in the same direction in a one way traffic lane. Silvio and the Department of Highways were alleged to be negligent in that their truck was either stopped or moving very slowly without proper tail lights, in failing to have proper flares if the truck was *76 stopped and in failing to leave the required fifteen feet clearance for the passage of other traffic.
The Red Stick Tire and Supply Company and State Farm Mutual Automobile Insurance Company denied in their answer that Tullier was acting within the scope of his employment and also denied that he was in any way negligent. In the alternative they pleaded the doctrine of joint venture and contributory negligence on the part of the plaintiff. The Great American Indemnity Company and Silvio in their answer admitted that Tullier was negligent but •denied negligence on the part of Silvio or the Department of Highways. They also ■alternatively pleaded contributory negligence on the part of the plaintiff. On the day of the trial the Red Stick Tire and Supply Company filed an exception of no cause or right of action, which was referred to the merits.
In his written reasons for judgment the trial judge found Tullier, Silvio, his crew and the Department of Highways negligent and found further that the negligence of each was a proximate cause of the accident. He held also that while Tullier was not acting within the scope of his employment at the time of the accident, that he had nevertheless acquired at least the implied permission to use the truck earlier in the day. Consequently, judgment was rendered in favor of the plaintiff and against Joseph. Silvio, the Great American Indemnity Company and the State Farm Mutual Automobile Insurance Company, the latter being held liable on the theory that Tullier, having received permission to use the truck initially, became an insured under the terms of the omnibus provisions of the policy. The plaintiff was awarded the sum of $14-100.44, but the liability of the two insurance companies was limited to the sum of $10,000, the amount of their contractual liability. The defendants who were held liable have appealed and the plaintiff has answered asking that the judgment be increased to the sum of $33,100.44.
The evidence discloses that on January 29, 1949, Tullier was engaged in installing heating units for a customer of his employer. In the course of his work he found it necessary to return to his employer’s place of business to obtain certain parts. The truck with which Tullier was supplied did not have a heater, and as the weather was extremely cold, he exchanged his truck for one that did have a heater. It was quite late when Tullier completed his work and upon returning to his employer’s place of business he found it closed. Instead of leaving the truck he drove it to his home.
After having bathed and changed clothes Tullier drove to the Oasis, a bar in which the plaintiff owned an interest. As White was tending bar, Tullier remained until closing time, which was about midnight, and then he and White drove the truck across the Mississippi River Bridge to visit the Country Club, another barroom. During the course of the afternoon and evening it had been sleeting and snowing and the highways were frozen over in places. When Tullier and White left the Country Club to return to Baton Rouge it was about 2:00 o’clock and the windshield of the truck was coated with ice. They scraped off the ice on the driver’s side before starting but as the windshield wiper on the right was not working they did not clear that side.
Earlier in the evening the Department of Highways had sent a crew of men on a truck to salt the road over the bridge in order to melt the ice that was forming. Warning signs lighted by flares were placed at each end of the bridge. At about one o’clock A.M., work was completed on the west bound lane and the crew had started salting the east bound lane. As Tullier drove up the incline he failed to see the Highway truck, which was stopped at the time, and he collided with its left rear end.
Counsel for defendants both in brief and oral argument before this court have vigorously contended that the plaintiff should be barred recovery because of contributory negligence. We will, therefore, consider this point first because if such is the fact it would be of course unnecessary to consider the negligence, if any, of the defendants.
*77 On the night of the accident, driving conditions were extremely hazardous due to falling sleet and snow and ice on the road. The plaintiff, admitted that after cleaning the windshield on the driver’s side he attempted to clean the one on his side but gave up because it was too hard and the windshield wiper was not working. He admitted further that the windshield was so coated that he could only see light through it and that he could not even see lights sufficiently well to describe any type of object. Tullier, he estimated, was driving at a rate of from 30 to 35 miles per hour. As they approached the bridge White saw the flares on the two signs that had been placed on the side of the road by the Highway crew. He stated that when they had previously crossed the bridge he had seen the same type of signs but no men working. Also he admitted knowing what the lettering on the signs was and as he recalled they read “Men Working on the Bridge, Drive Slow”, and “Icy Pavement”. ■Nevertheless Tullier did not slaken his speed nor did White suggest that he do so. The following testimony of the plaintiff is pertinent :
“Q. But there was no indication of slowing the truck down to bring it under control? A. No, Sir.
“Q. And you made no protest? A. I figured the driver had enough vision to know what he was doing.
“Q. Were you paying any attention to Tullier ? A. I was trying to keep warm.
“Q. And you were not keeping any lookout for yourself at all ? A. While he was driving I didn’t pay any attention to whether he was — I figured that as long as the windshield was clear on his side, he could see. I trusted him in his driving.”
Counsel for defendants contend also that plaintiff was negligent in entrusting his safety to a driver who was possibly under the influence of alcohol. Just how much intoxicants were consumed by the two during the night is uncertain. From the testimony of both White and Tullier, however, each had drunk not over two bottles of beer during the entire evening. In spite of the fact that the record fails to show that either was intoxicated we feel that the above stated set of facts constitute glaring contributory negligence on the part of the plaintiff.
In the case of Clifton v. Dean, La.App., 169 So. 788, 790, facts were presented very similar to those of the instant case. There driving conditions were rendered dangerous by rain and mist. The plaintiff was a guest passenger in a large truck with an improvised cardboard windshield with only a four by six inch hole cut for vision. The accident occurred when the truck collided with a parked vehicle. We found that under such conditions a speed of 30 miles per hour or more was excéssive and in denying recovery to the guest passenger held as follows: “Clifton’s demand is predicated entirely on the guest doctrine under which he ■ claims that, even though the driver of the truck be found to have been negligent, such negligence cannot be imputed to him. But, seated on the front seat, as were the other two occupants of the truck, he had every opportunity of observing, equally with the driver, the conditions existing. He sat behind the same improvised windshield as did the driver, and was bound to know the latter’s vision was further impaired because of the small hole through which it was limited. With full knowledge of all these unusual conditions and the extra hazard involved in driving during these dark hours of the morning, he nevertheless permitted the driver to go on at a dangerous rate of speed and never uttered a word of protest. This court has held that a guest passenger in an automobile is not required to keep a constant lookout for the dangers of the road incident to automobile driving and that he has the right to rely to a reasonable extent on the exercise of the proper duty of care by. the driver in charge of the car. This does not mean, however, that he can lightly abandon all care and throw all precaution to the wind. When unusual circumstances present themselves and the danger of driving increases, he is held to- the exercise of greater prudence for his own safety and of at least protesting against any carelessness or negligence on the part of the driver. The plaintiff Clifton,, having failed in the *78 observance of this precaution, if indeed lie did not acquiesce in the driver’s negligence, makes him equally guilty of contributory negligence, and he is not entitled to recover.”
Counsel for plaintiff say in their brief that “the jurisprudence of Louisiana is uniform on the proposition that a guest passenger, such as White was here, has a right to rely upon the driver to take the necessary precaution for his own safety and his safety until such time as the guest realizes by observation or otherwise, or should have realized by the use of ordinary care, that the driver is oblivious of perils and dangers ahead and is disregarding them”. Here, however, the guest either did realize or should have realized the fact that the truck was on the road and he is not to be excused merely because of the fact that when coming over they did see the same type of signs but did not see the truck. The same is true with regard to the condition of the road for the fact that the west bound lane had been salted and was not frozen was no reason for disregarding the signs on the east bound lane some two hours later. Counsel also contend that White was not negligent in failing to tell Tullier of the signs as Tullier himself had seen them. While this may be true we do not hold White negligent in failing to tell Tullier of the signs but in his failure to see that Tullier obeyed, or heeded them, for had he done so, the accident obviously would not have occurred.
Counsel for plaintiff cite the case of. Barr et al. v. Fidelity & Cas. Co. of N. Y., La.App., 188 So. 521, which states the general proposition that until there is negligence on the part of the driver the guest need not protest. That case is not applicable here, however, because there was obvious negligence on the part of the driver and the guest though he had ample time in which to do so, failed to protest in any way and further failed to see or attempt to see any of the perils of which the signs warned. Gardiner v. Travelers Indemnity Co., La.App., 11 So.2d 61, states that a guest may rely on the driver to keep a proper look out unless the danger is obvious. Here, however, the danger was very obvious. The dangers of the road, the speed of their truck, the inclement weather, and bad visibility were obvious when the two got into the truck and the signs made obvious the danger of the presence of a truck ahead of them. The cases of Carter v. Le Blanc Lbr. Co., La.App., 37 So.2d 471 and Cassar et al. v. Mansfield Lbr. Co., 215 La. 533, 41 So.2d 209 are likewise inapplicable for the reasons above stated.
Under ordinary conditions the guest is not required to be constantly at the height of attention and alertness and may take his attention from the road to look at scenery, speak to a passenger, read a book, or go to sleep, but, when unusual circumstances present themselves and danger increases, the guest must exercise prudence for his own safety. There can be no question but that there were unusual circumstances present in the instant case, which should have caused the guest in this instance to be on the lookout for his own protection and safety.
Counsel for plaintiff made no attempt to distinguish Clifton v. Dean, supra, which authority we feel is controlling here. The conduct of White amounted to negligence which was a proximate cause of the accident and he should not be permitted to recover.
For the reasons assigned the judgment of the lower court is reversed and the plaintiff’s suit dismissed at his cost.
Judgment reversed.